IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THOMAS SPENCER, )<br>)<br>Defendant. ) | CASE NO. 8:13CR106<br><br>MOTION TO SUPPRESS SEARCH |

COMES NOW the Defendant, Thomas Spencer, by and through his attorney, James J. Regan, and moves this Court for an order suppressing all evidence derived directly or indirectly from the search conducted by law enforcement on or about November 25, 2012, using a Network Investigative Technique (NIT) pursuant to the Search and Seizure Warrant captioned "In the Matter of the Search of computers that access the website 'Hidden Service A' which is located at oqm66m6iyt6vxk7k.onion". In support of this motion, Defendant states:

1. On November 17, 2012, law enforcement obtained a warrant authorizing the seizure of information from an activating computer accessing the website "Hidden Service A" using a NIT. The computer hosting "Hidden Service A" was under the control of the FBI at a government facility in the District of Nebraska, following its seizure by law enforcement.

2. Said warrant was signed by Magistrate Judge F. A. Gossett on November 17, 2012, based on the affidavit and application of FBI Agent Jeffrey Tarpinian who specifically requested delayed notification to the subjects of the search, which delayed notice was authorized by the issuing magistrate for a period of 30 days.

3. No further extension of the period of delayed notice was either requested by the government or authorized by the magistrate.

4. No notice of the search by the government conducted pursuant to the warrant was ever provided to Thomas Spencer prior to his arrest on April 11, 2013.

5. The government failed to comply with 18 U.S.C. §3103a(b)(3) by failing to provide notice of the search in a timely manner required by statute and by Rule 41(f)(1)(C).

6. The violation of the notice requirement is a fundamental Fourth Amendment violation requiring suppression.

7. Using the information obtained pursuant to the above-referenced search warrant authorizing installation of a NIT, the government applied for and subsequently obtained a search warrant issued by Magistrate Judge Robert A. McQuaid, Jr., District of Nevada, on April 9, 2013, pursuant to which the government searched the Defendant's residence.  In addition to being the fruit of the aforementioned unlawful NIT search, this search of his residence should also be suppressed as the affidavit and supporting application of the warrant contained information too stale to support a probable cause determination, the issuing judge failed to act in a neutral and detached manner, and the warrant was so lacking in indicia of probable cause as to render official belief in its existence unreasonable and a reasonable officer could believe it to be valid.

WHEREFORE, Thomas Spencer moves for the suppression of any and all evidence derived from the search warrant authorizing the use of the NIT in this case, including subscriber information obtained by Cox Communications, and the search of his residence and all evidence derived from this search pursuant to <u>Wong Sun v. United States</u>, 371 US 471 (1963).

                    THOMAS SPENCER
                    Defendant

            By  <u>s/James J. Regan</u>
               James J. Regan
               6035 Binney Street
               Omaha, NE  68104
               (402) 341-2020
               jr@jreganlaw.com
               Attorney for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on January 8, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to: Mike Norris, Assistant United States Attorney; Keith Becker, U.S. Department of Justice, Child Exploitation Section; and Sarah Chang, U.S. Department of Justice.

                                        <u>s/James J. Regan</u>