IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 8:13CR106 |
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF MOTION TO SUPPRESS |
| THOMAS SPENCER, | |
| Defendant. | |

## FACTUAL BACKGROUND

Prior to November 17, 2012, law enforcement officers seized a computer in the Omaha area being used to host a website containing child pornography, termed "Hidden Service 'A'". The computer was subsequently put back online under the control of the FBI. On November 17, 2012, law enforcement obtained a warrant authorizing the seizure of information from any activating computer accessing "Hidden Service A" by using a Network Investigative Technique (NIT). This warrant authorized law enforcement to seize from any activating computer the computer's actual IP address, the date and time it determined the IP address, a unique session identifier set by "Hidden Service A", and the type of operating system running on the activating computer. The search was to be conducted on or before December 1, 2012, and the required notification to the person from whom the authorized seizure of information was made was delayed for a period of 30 days by the issuing magistrate.

On or about November 25, 2012, utilizing the NIT authorized by the search warrant, law enforcement identified a computer using the IP address 72.193.129.98 as visiting the website, which IP address was determined through publicly available information to be a Cox Communications IP address. On November 26, 2012, Administrative Subpoena #80636 was served on Cox Communications via facsimile, and on December 12, 2012, Cox Communication disclosed that on November 25, 2012, the IP address was assigned to subscriber Thomas Spencer. Thomas Spencer has never received any notice that the

above search of his computer in his home was conducted, and there is no return to the court of any inventory of the information seized pursuant to the warrant.

Thomas Spencer was subsequently indicted on March 20, 2013, and on April 11, 2013, his home was searched by law enforcement pursuant to a search warrant issued in the District of Nevada, which Nevada warrant was based upon the information obtained through the NIT authorized by the warrant issued on November 17, 2012.

## APPLICABLE LAW

Rule 41(f)(3) of the Federal Rules of Criminal Procedure allows for a delayed notification to individuals whose property is the subject of a search pursuant to warrant, where otherwise authorized by statute. 18 U.S.C. §3103a(b)(3) and 18 U.S.C. §2705 provide authorization for delayed notification in certain circumstances and indeed, the magistrate in this matter did authorize delay for a period of 30 days. However, no further delay was either requested or authorized and no notice was ever provided to Thomas Spencer, or return made to the court as required by statute and rule. Clearly, there was a violation of the Rule 41 and said statutory requirements. The issue to be resolved is whether exclusion of the seized material is required.

Resolution of this issue requires the Court to determine whether the violation was a "fundamental" violation, which has been defined as one that " . . . renders the search unconstitutional under traditional Fourth Amendment standards." United States v. Freeman, 897 F.2d 346, 350 (8th Cir. 1990), quoting United States v. Luk, 859 f.2d 667 (9th Cir. 1988). Defendant contends that the Supreme Court case of Wilson v. Arkansas, 541 U.S. 927 (1995) makes it clear that notice requirements at issue are clearly within the ambit of the Fourth Amendment's "reasonableness" requirement, and failure to comply with them a fundamental violation. Wilson's core holding, that the Fourth Amendment itself requires searchers to announce their presence and give notice of searches absent certain exceptions, clearly has implications for the notice requirements involved in a delayed-notice search warrant. As Justice Thomas stated in his

opinion in Wilson: "An examination of the common law of search and seizures leaves no doubt that the reasonableness of a search of a dwelling may depend in part whether law enforcement officers announce their presence and authority prior to entering." Most importantly to the question at issue, the Wilson court concluded that "notice" is a fundamental part of the Fourth Amendment reasonableness standard. It did so primarily by relying on the history of search and seizure prior to the framing of the Fourth Amendment, looking "to the traditional protections against unreasonable searches and seizures afforded by the common law at the time of the framing." Id at 931.

It is obvious that a covert, delayed-notice search plainly infringes upon the Fourth Amendment's requirement of notice as delineated by the Wilson decision. In essence, a delayed-notice search is just a more extreme version of a no-knock search addressed by the Wilson court. Rather than postponing the required notice for a minute or two, as in a no-knock search, officers in a delayed-notice search postpone notice for 30 days or longer. Coupled with the covert nature inherent in a search such as the one of Mr. Spencer's computer, such a search never provides any of the notice recognized by the Wilson Court as a fundamental aspect of the Fourth Amendment

It cannot be seriously debated that providing notice to the occupant of a premises before the government searches it is an integral component of Fourth Amendment reasonableness. The Supreme Court has recognized that "the Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry." Richards v. Wisconsin, 520 U.S. 385, 387 (1997). There is no logical reason that the requirement of notice inherent in the amendment be confined to knock and announce searches, but not be applicable to delayed-notice searches.

In the close to 200 years following the adoption of the Fourth Amendment to the United State's Constitution, the amendment was never interpreted to authorize a covert, delayed-notice search. If such searches were done, which they undoubtedly were, they were understood to be illegal and unconstitutional.

The Patriot Act's statutory authorization of what never had been viewed as constitutional can only be recognized as constitutional if the specific protections also in that law, that is, requiring court authorization for keeping the search secret and delaying notice of it to its target, are strictly followed.  Such statutory provisions are not merely ministerial but go to the heart of what is considered fundamental to our Fourth Amendment.  The failure to comply with them compels suppression of evidence derived from a search that fails to do so.

     Defendant hereby expressly adopts all arguments set forth in other similarly situated defendants in this Court in support of their motions to suppress evidence seized in delayed-notice searches through use of a NIT.

                                                THOMAS SPENCER
                                                Defendant

By  s/James J. Regan
      James J. Regan
      6035 Binney Street
      Omaha, NE  68104
      (402) 341-2020
      jr@jreganlaw.com
      Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to: Mike Norris, Assistant United States Attorney; Keith Becker, U.S. Department of Justice, Child Exploitation Section; and Sarah Chang, U.S. Department of Justice.

                                                            s/James J. Regan