IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13-cr-106-07 |
| | ) | |
| vs. | ) | MOTION TO SUPPRESS |
| | ) | |
| JOSHUA D. WELCH, | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW**, the Defendant, Joshua D. Welch, by and through his attorney, Wesley S. Dodge, and moves this Court for an order suppressing all evidence derived either directly or indirectly from the search conducted by law enforcement on or about November 20th and November 24th of 2012, using a Network Investigative Technique (NIT), pursuant to the Search and Seizure Warrant issued by the Federal Court in the State of Nebraska and any evidence that would have been derived through a subsequent warrant issued in the State of Florida as a result of the Warrant issued through the Nebraska Court.  In Support of this motion the Defendant states:

1. On or about November 17, 2012, law enforcement obtained a warrant authorizing the seizure of information from an activating computer accessing the website "Hidden Service A' using an NIT.  The FBI in the District of Nebraska having had control of Service A after it had been seized by law enforcement.

2. Such warrant was signed by Magistrate Judge F.A. Gossett in November of 2012 based on the affidavit and application of FBI Agent Jeffrey Tarpinian who specifically requested delayed notification to the subjects of the search, which delayed notice was authorized by the issuing magistrate for a period of 30 days.

3. No request for an extension of the period of delayed notice was made by the government nor authorized by the magistrate.

4. No notice of the search by the government conducted pursuant to the November warrant was ever provided to Joshua Welch before the subsequent search of his home and his arrest on April 9th of 2013, or after such search.

5. The government failed to comply with 18 U.S.C.§3103a(b)(3) by failing to provide notice of the search in a timely manner required by statute and by Rule 41(f)(1)(C).

6. The notice requirement is a fundamental requirement of the Fourth Amendment and the state's failure to give such notice requires the suppression of any subsequently acquired evidence resulting from the unconstitutional search.

7. The subsequent search of Mr. Welch's residence may have lead to the acquisition of further evidence that may be used by the government in his prosecution, although, at this time it is unclear if any additional evidence had been acquired as same has not been disclosed to the Defendant or his counsel.

**WHEREFORE**, the Defendant, Joshua Welch, through his counsel moves for the suppression of any and all evidence derived from the search warrant authorizing the use of the NIT in this case, including subscriber information that was obtained through Mr. Welch's cable service provider and the subsequent search of his residence which may or may not have resulted in the discovery of additional evidence, such evidence should be suppressed pursuant to Wong Sun v. United States, 371 US 471 (1963).

Respectfully

JOSHUA D. WELCH,

**Defendant.**

  /s/ Wesley S. Dodge
**WESLEY S. DODGE, #18709**
**11414 West Center Road, #333**
**Omaha, Nebraska 68144**
**(402)333-1604**
**Attorney for Defendant**

### CERTIFICATE OF SERVICE

    The undersigned relies on the CM/ECF system of the United States District Court for the District Court of Nebraska to provide service to all parties of interest that are a part of the CM/ECF system.

                                      /s/ Wesley S. Dodge